UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

In re:

NJ MOBILE HEALTH CARE LLC, *et al.*,[1]

                        Debtors.

Chapter 11

(Subchapter V)

Case No. 24-16239 (JKS)

(Joint Administration Requested)

---

## APPLICATION FOR RETENTION OF PROFESSIONAL

1. The applicants, the above-captioned debtors and debtors-in possession (together, the "<u>Debtors</u>"), are the (check all that apply):

    ☐ Trustee:    ☐ Chap. 7    ☐ Chap. 11    ☐ Chap. 13.

    ☒ Debtors:    ☒ Chap. 11    ☐ Chap. 13

    ☐ Official Committee of _____

2. The applicants seek to retain the following professional <u>Klestadt Winters Jureller Southard & Stevens, LLP</u> ("<u>KWJS&S</u>") to serve as (check all that apply):

    ☒ Attorney for:    ☐ Trustee    ☒ Debtors-in-Possession

    ☐ Official Committee of _____

    ☐ Accountant for:    ☐ Trustee    ☐ Debtor-in-possession

    ☐ Official Committee of _____

    ☐ Other Professional:

        ☐ Realtor    ☐ Appraiser    ☐ Special Counsel

        ☐ Auctioneer    ☐ Other (specify)

---

[1] The Debtors herein and the last four digits of their respective tax identification number are: (i) NJ Mobile Health Care LLC (9666), (ii) Lime Line Operations LLC (8248), (iii) SSME Services LLC (4127). The Debtors' principal place of business is 575 Corporate Drive, Suite 525, Mahwah, New Jersey 07430.

3. The employment of the professional is necessary because:

The Debtors require the assistance of a law firm with expertise in Chapter 11 that can assist them with strategy decisions, negotiations with creditors, and in order to properly represent their legal interests during the pendency of the above-captioned Chapter 11 cases (the "Chapter 11 Cases") and to ensure their compliance with applicable law.

4. The professional has been selected because:

The Debtors have selected KWJS&S because it has extensive experience and knowledge in the fields of debtor and creditor rights, general corporate law, debt restructuring and corporate reorganization, among others. As such, the Debtors believe that KWJS&S is well qualified to represent them in the Chapter 11 Cases.

5. The professional services to be rendered are as follows:

The Debtors request that KWJS&S provide the following services:

a. advise the Debtors with respect to their rights, powers and duties as debtors and debtors-in-possession;

b. attend meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of the case, including all of the legal and administrative requirements of operating under Chapter 11;

c. take all necessary action to protect and preserve the Debtors' estates, including prosecution of actions on behalf of the Debtors, the defense of any actions commenced against the estates, negotiations concerning litigation in which the Debtors may be involved and objections to claims filed against the estates;

d.    prepare on behalf of the Debtors such motions, applications, answers, orders, reports, and papers necessary to the administration of the estates;

e.    assist the Debtors in their analysis and negotiations with any third party concerning matters related to the realization by creditors of a recovery on claims and other means of realizing value;

f.    represent the Debtors at all hearings and other proceedings;

g.    assist the Debtors in their analysis of matters relating to the legal rights and obligations of the Debtors with respect to various agreements and applicable laws;

h.    review and analyze all applications, orders, statements, and schedules filed with the Court and advise the Debtors as to their propriety;

i.    assist the Debtors in preparing pleadings and applications as may be necessary in furtherance of the Debtors' interests and objectives;

j.    assist and advise the Debtors with regard to their communications to the general creditor body regarding any proposed Chapter 11 plan or other significant matters in these Chapter 11 Cases;

k.    assist the Debtors with respect to consideration by the Court of any disclosure statement or plan prepared or filed pursuant to §§1125 or 1121 of the Bankruptcy Code and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan; and

l.    perform such other legal services as may be required and/or deemed to be in the interests of the Debtors in accordance with their powers and duties as set forth in the Bankruptcy Code.

6.     The proposed arrangement for compensation is as follows:

Subject to court approval in accordance with sections 330(a) and 331 of the Bankruptcy Code, compensation will be payable to KWJS&S on an hourly basis, plus reimbursement of actual, necessary expenses incurred.

7.     To the best of the applicant's knowledge, the professional's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☐   None

☒   Describe connection: See attached Certification of Tracy L. Klestadt.

8.     To the best of the applicant's knowledge, the professional (check all that apply):

☒   does not hold an adverse interest to the estate.

☒   does not represent an adverse interest to the estate.

☒   is a disinterested person under 11 U.S.C. § 101(14).

☒   does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

☐   Other; explain: N/A

9.     If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: <u>N/A</u>

The applicants respectfully request authorization to employ the professional to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Dated: Mahwah, New Jersey
August 6, 2024

*/s/ Louis V. Greco III*
Louis V. Greco III
Manager of Applicants

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------ x
: 
In re: : Chapter 11
:
NJ MOBILE HEALTH CARE LLC, *et al.*[1], : (Subchapter V)
:
: Case No. 24-16239 (JKS)
:
Debtors. :
: (Joint Administration Requested)
------------------------------------------------------------ x

## CERTIFICATION OF PROFESSIONAL IN SUPPORT OF APPLICATION FOR RETENTION OF PROFESSIONAL

I, Tracy L. Klestadt, being of full age, certify as follows:

1. I am a partner of the law firm: Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S"). KWJS&S maintains an office for the practice of law at 200 West 41st Street, 17th Floor, New York, NY 10036.

2. KWJS&S is seeking authorization to be retained as counsel to NJ Mobile Health Care LLC ("NJMHC"), Lime Line Operations LLC, and SSME Services LLC, the above-captioned debtors (collectively, the "Debtors").

3. My professional credentials include: I am an attorney at law admitted to practice in the State of New Jersey, as well as before the United States District Court for the District of New Jersey.

4. The proposed arrangement for compensation, including hourly rates, if applicable, is as follows:

---

[1] The Debtors herein and the last four digits of their respective tax identification number are: (i) NJ Mobile Health Care LLC (9666), (ii) Lime Line Operations LLC (8248), (iii) SSME Services LLC (4127). The Debtors' principal place of business is 575 Corporate Drive, Suite 525, Mahwah, New Jersey 07430.

Subject to court approval in accordance with sections 330(a) and 331 of the Bankruptcy Code, compensation will be payable to KWJS&S's office on an hourly basis, plus reimbursement of actual, necessary expenses incurred. Partners of the firm bill from $950 to $695 per hour; associates bill at $550 per hour; and the firm's paralegals bill at $250 per hour. My hourly rate is $950 per hour. The hourly rate of my associate Andrew C. Brown is $550 per hour. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions and are next expected to increase on January 1, 2025. KWJS&S' policy is to charge its clients in all areas of practice for all expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things, telephone and telecopy toll charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court. KWJS&S believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spreading the expenses among all clients.

On June 19, 2024, KWJS&S received a retainer deposit of $35,000 (the "Retainer") from non-debtor Danielle Greco. Also on June 19, 2024, KWJS&S applied the Retainer against $4,786 of fees due on account of services rendered to the Debtors for the period of February 1, 2024, to June 19, 2024, in connection with the preparation and commencement the above-referenced Chapter 11 cases (the "Chapter 11 Cases"). KWJS&S has written off the remaining balance of pre-petition fees owed by the Debtors. KWJS&S also applied the Retainer against the $5,241 in filing fees required to commence the Chapter 11 Cases. As of today, $25,000 of the Retainer is being held by KWJS&S for payment of post-petition fees and expenses after allowance by the Court.

☐       Pursuant to D.N.J. LBR 2014-3, I request a waiver of the requirements of D.N.J. LBR 2016-1.

2

5. To the best of my knowledge, after reasonable and diligent investigation, my connection with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☒ None

☐ Describe connection: N/A

6. To the best of my knowledge, after reasonable and diligent investigation, the connection of my firm, its members, shareholders, partners, associates, officers and/or employees with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☐ None

☒ Describe Connection:

a. One of NJMHC's creditors is Louis V. Greco Jr., a non-debtor family member of the Debtors' Manager, Louis V. Greco III. From time to time since the mid-1990s, KWJS&S provided various legal services to entities affiliated with Louis V. Greco Jr. KWJS&S does not currently represent Louis V. Greco Jr. or any affiliated entity in any pending legal matters, nor has it provided legal services to Louis V. Greco Jr. within the last seven (7) years.

b. One of NJMHC's creditors is Christopher Greco, a non-debtor family member of the Debtors' Manager, Louis V. Greco III. KWJS&S currently represents an entity affiliated with Christpher Greco in a non-bankruptcy matter wholly unrelated to the Debtors' Chapter 11 Cases. KWJS&S' billings to this entity constitute less than 0.5% of KWJS&S' total revenue from 2023 through 2024. KWJS&S does not believe any issue involving Christopher Greco will arise during the Chapter 11 Cases as it is the undersigned's understanding that: (i) Christpher Greco did not receive any payments from the Debtors during the 90-day period prior to commencement of the Chapter 11 Cases, and (ii) the Debtors are unaware of any potential fraudulent conveyance or other claims against Christopher Greco.

c. One of NJMHC's creditors is McKesson Medical Surgical. From time to time since 2012,

3

  KWJS&S has provided various legal services to McKesson Corporation ("McKesson"), the parent entity of McKesson Medical Surgical. Throughout that period, the specific nature and extent of the legal services rendered by KWJS&S has varied from year to year. KWJS&S' billings to McKesson constitute less than 1.5% of KWJS&S' total revenue from 2019 to the present. KWJS&S is currently representing McKesson as co-counsel with Buchalter, A Professional Corporation, in certain adversary proceedings pending in the United States Bankruptcy Court for the Southern District of New York. Such adversary proceedings are wholly unrelated to the Debtors' Chapter 11 Cases. KWJS&S does not believe any issue involving McKesson Medical Surgical will arise during the Chapter 11 Cases as it is the undersigned's understanding that: (i) McKesson Medical Surgical did not receive any payments from the Debtors during the 90-day period prior to commencement of the Chapter 11 Cases, and (ii) the Debtors are unaware of any potential fraudulent conveyance or other claims against McKesson Medical Surgical. In-house counsel for McKesson provided KWJSS with a waiver of any conflict arising from undertaking the representation herein.

7. To the best of my knowledge, my firm, its members, shareholders, partners, associates, officers and/or employees and I (check all that apply):

  ☒ do not hold an adverse interest to the estate.

  ☒ do not represent an adverse interest to the estate.

  ☒ are disinterested under 11 U.S.C. § 101(14).

  ☒ do not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which I will be retained under 11 U.S.C. § 327(e).

  ☐ Other. Explain: N/A

8. If the professional is an auctioneer: N/A

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

4

5

I certify under penalty of perjury that the above information is true.

Date: August 6, 2024                              */s/ Tracy L. Klestadt*
                                                  Signature of Professional

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
NJ MOBILE HEALTH CARE LLC, *et al.*[1], : (Subchapter V)
: 
: Case No. 24-16239 (JKS)
: 
Debtors. : 
: (Joint Administration Requested)
------------------------------------------------------------ x

**DECLARATION OF DANIELLE GRECO IN SUPPORT OF THE DEBTORS' APPLICATION TO RETAIN KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

I, Danielle Greco, declare, pursuant to section 1746 of Title 28 of the United States Code, as follows:

1. I am the non-debtor spouse of Louis V Greco III, the manager of each of the above-captioned debtors (collectively, the "Debtors").

2. I submit this declaration in support of the Debtors' application to retain and employ Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as their general bankruptcy counsel in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases").

3. Prior to the June 20th commencement of the Chapter 11 Cases, on June 19, 2024, I caused the issuance of a wire from my personal checking account (the "Checking Account"), in the sum of $35,000.00 (the "Retainer") as payment of KWJS&S' retainer for services related to the Chapter 11 Cases.

4. I have been advised and fully understand that notwithstanding the fact that the Retainer was drawn from the Checking Account, KWJS&S has been retained to represent the

---

[1] The Debtors herein and the last four digits of their respective tax identification number are: (i) NJ Mobile Health Care LLC (9666), (ii) Lime Line Operations LLC (8248), (iii) SSME Services LLC (4127). The Debtors' principal place of business is 575 Corporate Drive, Suite 525, Mahwah, New Jersey 07430.

interests of the Debtors and that KWJS&S' sole and undivided loyalty and fiduciary responsibility is to the Debtors and their bankruptcy estates.

5. I have been further advised and fully understand that KWJS&S has not been retained and cannot be retained to represent the interests of myself individually.

6. To the extent that I require representation of counsel with respect to my individual interests in the Chapter 11 Cases, I understand that it will be necessary for me to retain separate counsel and that KWJS&S is not able to represent me in any capacity in the Chapter 11 Cases.

7. I will not seek repayment of the Retainer nor will I file a proof of claim for the same in the Chapter 11 Cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Executed this 6th day of August 2024 in Highland Mills, New York.

/s/ Danielle Greco
Danielle Greco

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP<br>Tracy L. Klestadt<br>Andrew C. Brown (admitted *pro hac vice*)<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245<br><br>*Proposed Attorneys for the Debtors and Debtors-in-Possession* | |
| In re:<br><br>NJ MOBILE HEALTH CARE LLC, *et al.*[1],<br><br>                   Debtors. | Chapter 11<br><br>(Subchapter V)<br><br>Case No. 24-16239 (JKS)<br><br>(Joint Administration Requested)<br><br>Judge: John K. Sherwood |

# ORDER AUTHORIZING RETENTION OF
# KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP

    The relief set forth on the following page is **ORDERED**.

---

[1] The Debtors herein and the last four digits of their respective tax identification number are: (i) NJ Mobile Health Care LLC (9666), (ii) Lime Line Operations LLC (8248), (iii) SSME Services LLC (4127). The Debtors' principal place of business is 575 Corporate Drive, Suite 525, Mahwah, New Jersey 07430.

Upon the applicant's request for authorization to retain Klestadt Winters Jureller Southard & Stevens, LLP as counsel to the above-captioned debtors, it is hereby ORDERED:

1. The applicant is authorized to retain the above party in the professional capacity noted. The professional's address is:

> Klestadt Winters Jureller Southard & Stevens, LLP
> 200 West 41st Street, 17th Floor
> New York, NY 10036

2. Compensation will be paid in such amounts as may be allowed by the Court on proper application(s).

3. If the professional requested a waiver as noted below, it is ☐ Granted   ☐ Denied.

   ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

   ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

4. The effective date of retention is June 20, 2024.

2