FILED-BANKRUPTCY-NJ 2026 AUG 18 PM 01:11

Monday, August 17th, 2026

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY: NEWARRK, NEW JERSEY**
**MLK JR FEDERAL BUILDING**
**50 WALNUT STREET**
**NEWARK, NJ 07102**

**In re:**

**NJ Mobile HealthCare LLC**
Case No. 24-16239 (JKS)

**Lime Line Operations LLC**
Case No. 24-16240 (JKS)

**SSME Services LLC**
Case No. 24-16241 (JKS)

## FORMAL OBJECTION TO MOTION TO DISMISS

I hereby submit this formal objection to the Motion seeking dismissal of the above-captioned Chapter 11 cases.

## I. GROUNDS FOR OBJECTION

The Debtors have identified several factors contributing to their financial difficulties, including the residual effects of the COVID-19 pandemic, industry conditions, increased operating and capital costs, shortages of medical supplies and automotive parts, and difficulties with third-party billing.

While these circumstances may have contributed to the Debtors' financial difficulties, they do not, in my view, adequately explain or excuse the management decisions and operational failures that substantially contributed to the Debtors' inability to meet their financial obligations.

## II. MANAGEMENT AND OPERATIONAL FAILURES

I object to dismissal because the Debtors' financial difficulties were also materially affected by longstanding problems involving management, financial prioritization, employee retention, and organizational planning.

### 1. Failure to timely compensate personnel.

Personnel were repeatedly paid late or, in some instances, not paid at all. Employees and medical providers were essential to the Debtors' ability to generate revenue. Failure to compensate

personnel timely contributed to employee departures and reduced the Debtors' ability to meet demand for transports, municipal 911 services, standby assignments, and SCT work.

Had personnel been retained and compensated consistently, the Debtors may have been better positioned to maintain operations and generate revenue.

Employees were effectively required to bear risks associated with the Debtors' financial condition without receiving the benefits or upside that would ordinarily accompany an investment. I was an employee, not an investor, and I did not agree to assume the financial risks of ownership.

**2. Third-party billing issues.**

Third-party billing difficulties should not, by themselves, be treated as an adequate explanation for the Debtors' financial decline.

Accurate, complete, and timely patient and service documentation is essential to successful medical billing and reimbursement. If billing performance became a known problem, management should have taken reasonable corrective measures, including working with the existing billing provider, replacing the provider if necessary, and implementing procedures to improve claims submission, processing, collection, and reimbursement.

The same principle applies to facility contracts and other sources of revenue paid directly to the Debtors.

**3. Outstanding tax obligations.**

The reported tax liability of more than $2 million represents a significant financial obligation that should have been anticipated, managed, and addressed as part of ordinary business operations.

Taxes are a cost of conducting business. If the Debtors were unable to satisfy their tax obligations when due, management should have taken timely steps to communicate with the appropriate taxing authorities and pursue available payment arrangements before the obligations became unmanageable.

**4. Other identified contributing factors.**

The remaining factors identified by the Debtors—including increased operating costs, supply shortages, automotive-parts shortages, increased equipment and vehicle costs, industry conditions, and the continuing effects of COVID-19—were foreseeable business risks to varying degrees. Effective management and financial planning should have included reasonable measures to mitigate these risks before they became financially overwhelming.

## III. MY UNPAID WAGES AND INTEREST IN THIS PROCEEDING

I have a substantial claim for earned wages that remain unpaid totaling $10,000.00 USD. I object to dismissal because dismissal could adversely affect my ability to pursue and recover the wages I earned through services performed for the Debtors.

I am not an investor, owner, or equity participant in any of the Debtors. I performed work as an employee with the expectation that I would receive the wages earned for that work.

Accordingly, I respectfully request that the Court consider my unpaid wage claim and preserve my rights to pursue all wages, interest, damages, and other remedies to which I may be legally entitled.

My family was directly and negatively affected by the failure to pay my earned wages. I cannot recover the time, labor, and personal sacrifices already expended. I therefore respectfully request that my rights as an unpaid employee be protected and that I be afforded the opportunity to recover the compensation and other relief to which I am legally entitled.

## IV. CONCLUSION

For the foregoing reasons, I respectfully object to dismissal of these Chapter 11 cases and request that the Court deny the Motion to Dismiss, or otherwise ensure that my claims for unpaid wages totaling $10,000.00 USD inclusive of all applicable interest, damages, or other statutory remedies are preserved and adjudicated before the cases are dismissed.

I conclude with the following Biblical principles concerning the payment of earned wages:

"The denial of wages to man is a sin that cries out to heaven."

"But thou shalt pay him the price of his labour the same day, before the going down of the sun, because he is poor, and with it maintaineth his life: lest he cry against thee to the Lord, and it be reputed to thee for a sin."
**— Deuteronomy 24:15**

"Behold the hire of the labourers, who have reaped down your fields, which by fraud has been kept back by you, crieth: and the cry of them hath entered into the ears of the Lord of sabaoth."
**— James 5:4**

Respectfully submitted,

**Claimant:** George Xavier Tierra
**Address:** 16109 Town Green Dr., Elmsford, NY 10523
**Phone:** (646) 789-1965
**Email:** GeorgeX.Tierra@gmail.com
**Date:** August 17th, 2026