Order Filed on August 27, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Andrew C. Brown (admitted *pro hac vice*)
286 Madison Avenue, 11th Floor
New York, NY 10017-6368
Tel: (212) 972-3000
Fax: (212) 972-2245

*Attorneys for the Debtors and Debtors-in-Possession*

In re:

NJ MOBILE HEALTH CARE LLC, *et al.*[1],

Debtors.

Chapter 11

(Subchapter V)

Case No. 24-16239 (JKS)

(Jointly Administered)

Judge: John K. Sherwood

**ORDER PURSUANT TO 11 U.S.C. § 1112(b) DISMISSING THE CHAPTER 11 CASES OF NJ MOBILE HEALTHCARE LLC, LIME LINE OPERATIONS, AND SSME SERVICES LLC**

The relief set forth on the following pages, numbering two (2) through four (4), is hereby **ORDERED**.

**DATED: August 27, 2026**

Honorable John K. Sherwood
United States Bankruptcy Court

[1] The Debtors herein and the last four digits of their respective tax identification number are: (i) NJ Mobile Health Care LLC (9666), (ii) Lime Line Operations LLC (8248), (iii) SSME Services LLC (4127). The Debtors' principal place of business is 575 Corporate Drive, Suite 525, Mahwah, New Jersey 07430.

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order dismissing each of the above-captioned jointly administered cases (together, the "Chapter 11 Cases") pursuant to 11 U.S.C. 1112(b); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion and hearing thereon being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Chapter 11 Cases of: (i) NJ Mobile HealthCare LLC [Case No. 24-16239 (JKS)], (ii) Lime Line Operations LLC [Case No. 24-16240 (JKS)], and (iii) SSME Services LLC [Case No. 24-16241 (JKS)] each be and are hereby dismissed pursuant to 11 I.S.C. § 1112(b), without prejudice.

3. The entry of the within order shall not affect prior orders entered by the Court in the Chapter 11 Cases, which prior orders shall remain in full force and effect except as herein provided.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4. Upon the entry of this Order, the appointment of Mark J. Politan, Esq., as Subchapter V Trustee in each of the Chapter 11 Cases shall terminate and he shall be discharged from all duties (the "Subchapter V Trustee"). Upon the entry of this Order, the appointment of Joseph J. Tomaino as the Patient Care Ombudsman in each of the Chapter 11 Cases shall terminate and he shall be discharged from all duties (together with the Subchapter V Trustee, the "Professionals").

5. Within ten (10) days of entry of this Order, all fee applications for Professionals and their respective counsel not already filed with the Court shall be filed in accordance with Section 330 of the Bankruptcy Code (such submission, a "Fee Application"). Upon entry of an order of the Court granting allowances on a Fee Application, the Debtors shall remit payment thereon within ten (10) calendar days. Subsequent to the payment of the fee awards referenced above, the Debtors shall file a certification confirming that any applicable payments of fee awards have been made, following which each of the Chapter 11 Cases shall be closed. Any Professional having filed a Fee Application in accordance with the terms of this paragraph shall reserve the right to move to reopen the Chapter 11 Cases in the event that any required payment is not made in accordance with an applicable fee order.

6. The filing of any and all outstanding monthly operating reports and the payment of any statutory fees due to the U.S. Trustee Program pursuant to 28 U.S.C. § 1930 through the date of this Order shall be brought current within thirty (30) days of the entry of this Order. The United States Trustee reserves all rights, including but not limited to seeking to reopen the Chapter 11 Cases and file a motion to convert the Chapter 11 Cases.

7. This Order is a final order in accordance with Rule 8001(a) of the Federal Rules of Bankruptcy Procedure.

8. The Bankruptcy Court shall retain jurisdiction to adjudicate all matters arising under or in connection with this Order.

9. The Debtors counsel shall serve a copy of this Order on all parties-in-interest by regular mail within seven (7) days hereof.